## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. ___1:25-MJ-02038-Torres___

UNITED STATES OF AMERICA

v.

ARIEL ALDAIR LASSO GIL,

Defendant.

_____/

FILED BY ___CH___ D.C.

**Jan 10, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   /s/ Andres E. Chinchilla
Andres E. Chinchilla
Assistant United States Attorney
U.S. Attorney's Office, Southern District of Florida
99 NE 4th ST
Miami, FL 33132
(305) 961-9102
andres.chinchilla2@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   1:25-MJ-02038-Torres |
| ARIEL ALDAIR LASSO GIL, | ) | |
| | ) | |
| Defendant. | ) | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ December 11, 2024 _____ in the county of _____ Miami-Dade _____ in the
_____ Southern _____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(e) | Knowingly and willfully delivering or causing to be delivered a package containing firearms or ammunition to a common or contract carrier |
| 18 U.S.C. § 922(o) | Possession of a machine gun |
| 18 U.S.C. § 371 | Conspiring to commit an offense against the United States |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature #5672

Pedro Bigorra, Special Agent ATF
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Torres

Date: __January 9, 2025__

_____
Judge's signature

City and state: _____ Miami, Florida _____          Honorable Edwin G.Torres, United States Chief Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Pedro Bigorra, being duly sworn, hereby depose and state the following:

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), currently assigned to the Miami Field Division. As an ATF Special Agent, I investigate federal violations related to firearms, including international and domestic firearms trafficking. I have participated in training programs on investigations of the exportation and smuggling of illegal contraband and merchandise including firearms and ammunition outside of the United States. As a law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), I am empowered by law to conduct investigations of and to make arrests for federal offenses enumerated in Titles 18, 21, and 26 of the United States Code.

2.      The information contained in this affidavit is submitted for the sole purpose of establishing probable cause that on or about December 11, 2024, **Ariel Aldair LASSO GIL ("GIL"),** together with co-conspirators known and unknown, did knowingly and willfully deliver or cause to be delivered to a contract carrier for transportation in foreign commerce, to persons other than licensed importers or manufacturers, a package that contained a machinegun, in violation of Title 18, United States Code, Section 922(e), Title 18, United States Code, Section 922(o), and Title 18, United States Code, Section 371. Title 18, United States Code, Section 922(e) prohibits knowingly and willfully delivering or causing to be delivered a package or container containing firearms or ammunition to a common or contract carrier, if the package or container was intended for transportation in foreign commerce, and if the package or container was intended to be transported to someone other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, and if written notice was not provided to the carrier that firearms or ammunition were being transported or shipped. Title 18, United States Code, Section 922(o) prohibits any person to transfer or possess a machinegun. Title 18, United States Code 371

1

prohibits any two or more persons from conspiring to commit any offense against the United States.

3.      Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation.

## PROBABLE CAUSE

4.      On or about December 11, 2024, law enforcement received information from a Freight Forwarder located in Miami, Florida regarding a package for international shipment that the Freight Forwarder suspected to contain narcotics and a firearm. Law enforcement arrived at the Freight Forwarder and completed an inspection of the package. A Bureau of Industry and Security Special Agent, with the assistance of ATF, conducted an outbound border search of the shipment co-conspirator 1 delivered to the Freight Forwarder. The inspection revealed that the following items were concealed inside the shipment: approximately one (1) pound of marijuana, one (1) Glock model 30S .45 caliber firearm, and one (1) machine gun conversion device (commonly referred to as a switch ("**SWITCH**")) installed on the firearm, were discovered inside of the package. Through investigative means, law enforcement confirmed the package was shipped by co-conspirator 1 to the Freight Forwarder. The Freight Forwarder informed law enforcement that the shipment was going to be shipped to Costa Rica at a later date and that the Freight Forwarder was the last practical location before being shipped to Costa Rica and

eventually the final destination, Panama. The Freight Forwarder advised the shipment was delivered to them by the United Parcel Service ("**UPS**").

5.      The investigation revealed that co-conspirator 1 provided the shipment to **UPS** on or about December 7, 2024, and requested the shipment to be sent to the Freight Forwarder, and ultimately to be shipped from the United States to Costa Rica. A receipt of payment for the shipment revealed that the shipment was paid for utilizing a debit/credit card belonging to co-conspirator 1.

6.      On or about December 13, 2024, law enforcement was notified that co-conspirator 1 arrived at the Freight Forwarder requesting information on the whereabouts of her package. Co-conspirator 1 provided the Freight Forwarder with her Florida Driver's license, her cellphone number, and a UPS payment receipt and tracking number regarding the shipment containing the narcotics and machine gun.

7.      On or about December 17, 2024, law enforcement acting in undercover capacity ("**UC**") contacted co-conspirator 1 via cellphone. During the conversation, the **UC** under the guise of a Freight Forwarder employee offered to smuggle the narcotics and machine gun to Costa Rica for approximately $300 USD. Co-conspirator 1 advised that she would need to contact the owner of the package to obtain approval. During the conversation, co-conspirator 1 advised that the owner of the shipment would most likely agree to smuggle the shipment of narcotics and machinegun to Costa Rica for $300 USD.

8.      On or about December 17, 2024, co-conspirator 1 contacted the **UC** and advised that the owner of the shipment wanted the narcotics, and the machine gun returned in exchange for $150 USD. During the conversation, co-conspirator 1 advised that **GIL** would accompany her to retrieve the narcotics and machinegun from the **UC.**

3

9.      A query of law enforcement databases revealed that **GIL** is a current over-stay illegal alien. **GIL** was taken into the United States Immigration and Customs Enforcement ("**ICE**") custody on or about February 17, 2024 for being a non-immigrant overstay.

10.     On or about January 2, 2025, the **UC** received a text from **GIL** requesting a phone call from the **UC**. On or about January 6, 2025, the **UC** contacted **GIL** via cellphone as requested. During the conversation, **GIL** identified himself as the owner of the package containing the narcotics and machine gun. **GIL** further stated that co-conspirator 1 informed **GIL** he needed to provide the **UC** approximately $200 USD in exchange for the narcotics and the machine gun. **GIL** also informed the **UC** that co-conspirator 1 informed **GIL** that the **UC** could assist in smuggling items from the United States to other countries. **GIL** stated that he was interested in doing future deals with the **UC** and smuggling items from the United States to other countries in exchange for payment. **GIL** further stated that he would be accompanying co-conspirator 1 to meet the **UC** to exchange payment for the narcotics and the machinegun.

11.     On or about January 8, 2025, **GIL** and co-conspirator 1 arrived at the agreed upon time and location set by the UC. **GIL** and co-conspirator 1 were confronted by law enforcement and promptly detained and transported to the Florida Department of Law Enforcement Center in Miami, Florida ("**FDLE**"). At **FDLE**, **GIL** was advised of his Miranda Rights and waived such rights verbally and in writing. **GIL** admitted to having knowledge of the contents of the shipment (narcotics and machine gun) and conspiring to smuggle the shipment from the United States of America to Costa Rica, and ultimately Panama. **GIL** explained that he obtained the package himself, observed its contents, and directed his co-conspirator to ship the package to a contact in Panama in exchange for $500 USD. Co-conspirator 1 was also interviewed after waiving her Miranda Rights. She admitted to sending the package for transportation to Panama for **GIL**.

4

## CONCLUSION

12.     Based on the forgoing, I respectfully submit that there is probable cause to support

a criminal complaint against **GIL** for violation of Title 18, United States Code, Section 922(e),

Title 18, United States Code, Section 922(o), and Title 18, United States Code, Section 371.

**FURTHER AFFIANT SAYETH NAUGHT.**

PEDRO BIGORRA
SPECIAL AGENT
BUREAU OF ALCOHOL, TOBACCO, FIREARMS
AND EXPLOSIVES

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1
by Telephone this ___9th___ day of January 2025.

HONORABLE EDWIN G. TORRES
UNITED STATES CHIEF MAGISTRATE JUDGE